**CITROSUCO PAULISTA, S.A., Plaintiff,**

**v.**

**UNITED STATES and the United States International Trade Commission, Defendants,**

**and**

**Alcoma Packing Company, et al., Defendant–Intervenors.**

Court No. 87–06–00703.

United States Court of International Trade.

March 13, 1989.

McDermott, Will & Emery, Robert G. Kalik, William H. Barrett, and Amy E. Hancock, Washington, D.C., for Citrosuco Paulista, S.A.

Lyn M. Schlitt, Gen. Counsel, James A. Toupin, Asst. Gen. Counsel, Washington, D.C., and Randi S. Field, for U.S. Intern. Trade Com'n.

DiCARLO, Judge:

Plaintiff Citrosuco Paulista, S.A. (Citrosuco) seeks review of the remand results ordered in *Citrosuco Paulista, S.A. v. United States,* 704 F.Supp. 1075, 12 CIT —— (1988). On remand, the United States International Trade Commission (Commission) determined that an industry in the United States is threatened with material injury by reason of dumped imports from Brazil of frozen concentrated orange juice for manufacturing (FCOJM). *Frozen Concentrated Orange Juice From Brazil,* Inv. No. 731–TA–326 (Final) (Remand), USITC Pub. 2154 (Feb. 1989). The Court affirms the Commission's remand determination.

## DISCUSSION

The facts are stated in *Citrosuco Paulista, S.A. v. United States,* 704 F.Supp. 1075, 12 CIT —— (1988).

### A. *Fair–Value Brazilian Inventories*

The Court remanded to the Commission to explain how or whether the Commission considered certain fair-value inventories of FCOJM in its analysis of threat emanating

**1334**

from inventories in Brazil. *Id.*, 704 F.Supp. at 1080, 12 CIT at ——.

On remand, five of the commissioners stated that they relied on revised data which excluded fair-value inventories in their examination of Brazilian inventories. The sixth commissioner did not consider Brazilian inventories to be material or relevant to his determination. This portion of the remand determination is affirmed.

### B. *United States Inventories*

In the original determination, two commissioners stated that the total inventories of Brazilian FCOJM in the United States remained constant in 1986. This observation was based on incorrect total figures in the record. The Court remanded to the Commission to reconsider the significance of United States inventories in light of evidence that they were actually declining rather than remaining stable.

In their joint opinion on remand, Commissioners Eckes, Lodwick, and Newquist found threat of material injury to a domestic industry by reason of dumped imports. The commissioners stated that while the decline in United States inventories was fairly large, they "do not find this decline to be significant when taken into consideration with other relevant factors," and specifically increased inventories in Brazil. USITC Pub. 2154 at 4.

In their reply to the remand results, Citrosuco argues that this reliance on increased Brazilian inventories is contrary to law because 19 U.S.C. § 1677(7)(F)(i)(V) (Supp. IV 1986) directs the Commission to consider "any substantial increase in inventories of merchandise in the United States." The Court already held that the Commission could consider inventories in *Brazil* "because large storage tankers obviated the need to store inventories in the United States." *Citrosuco Paulista*, 704 F.Supp. at 1099, 12 CIT at ——. As stated in the prior opinion, "the provision directing the Commission to consider inventories in the United States does not preclude consideration of 'other relevant economic factors.'" *Id.;* 19 U.S.C. § 1677(7)(F)(i) (Supp. IV 1986).

The Court finds this portion of the remand determination to also be supported by substantial evidence on the record and according to law.

### CONCLUSION

The Court affirms the Commission's remand determination. The action is dismissed.